### In re BAKER, City Magistrate.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. MUNICIPAL CORPORATIONS—MAGISTRATES—REMOVAL—CHARGES—PETITION.

· Where a petition for the removal of a city magistrate alleged that on specified dates there were brought before accused a large number of persons charged with violating Pen. Code, § 344a, prohibiting persons having in their possession policy numbers, and that accused, at the conclusion of the examination of seven of such persons, discharged the entire number on the ground that the evidence was insufficient to hold them to the grand jury, and refused to hear testimony in one other of the cases; that the persons · so discharged were subsequently indicted by the grand jury on similar evidence to that submitted to accused; and that, in failing to hold such persons, accused failed to perform the duties of his office, and did wrongfully, wilfully, etc., discharge such defendants; but did not allege that the magistrate did not fairly consider the testimony and determine the questions submitted—it was insufficient.

2. SAME—ERROR OF LAW.

Where a city magistrate, before whom persons were charged with having in their possession policy numbers in violation of Pen. Code, § 344a, discharged such persons on the ground that the evidence failed to show that the policy numbers in the possession of the persons charged were connected with a lottery, the fact that such proof was not required, at most, showed a mere error of the magistrate in applying legal principles to the cases before him, and did not authorize his removal from office on the ground that he was corrupt or incompetent.

Proceeding before the Appellate Division for the removal of Seward Baker from the office of city magistrate of the city of New York. Dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry W. Taft, for petitioner.
Julius M. Mayer, for city magistrate.

INGRAHAM, J.   These charges are presented by a petition under section 1401a of the charter of the city of New York (chapter 466, p. 599, of the Laws of 1901), which provides that a city magistrate or police clerk may be removed for cause, after due notice and an opportunity of being heard, by the Appellate Division of the Supreme Court within the division for which such city magistrate or police clerk was appointed, and are based upon rulings of the city magistrate in discharging persons brought before him, charged with a violation of section 344a of the Penal Code, which provides that a person "who shall have in his possession, knowingly, any writing, paper or document, representing or being a record of any chance, share or interest in numbers sold, drawn or to be drawn, or in what is commonly called 'policy,' or in the nature of a bet, wager or insurance, upon the drawing or drawn numbers of any public or private lottery, or any paper, print, writing, numbers, device, policy slip, or article of any kind such as is commonly used in carrying on, promoting or playing the game commonly called 'policy,' is a common gambler," and punishable by imprisonment or fine.   The petition charges that at certain times in the years 1903 and 1904, the specific dates of which are set forth, there were brought before the magistrate a large number of persons charged with a violation of section 344a of the Penal Code, and that the said magistrate, sitting as a magistrate in the Fifth District Magistrate's Court, of the First Division, situated at the corner of 121st street and Sylvan Place, in the borough of Manhattan, New York City, did pass on and dispose of the cases of all of said persons, and that, at the conclusion of the examination of seven of said defendants, the said magistrate did discharge from custody the entire number, on the ground that there was not sufficient evidence set forth in the testimony given before him to hold the defendants for the grand jury, and that he refused to hear the testimony in the case of one other, and discharged him; that these persons so discharged were subsequently indicted by the grand jury upon evidence similar to that submitted to the magistrate; and that, in failing to hold the said defendants thus indicted, the magistrate failed to perform the duties of his office, and did wrongfully, willfully, unfairly, unjustly, and fraudulently discharge said defendants, and showed himself incompetent to act as a city magistrate for the city of New York.   The magistrate meets those charges by certified copies of depositions before him upon which he acted, and his answer to the petition stating the circumstances under which he acted in relation to the charges against the individuals specified in the petition, and he asks that the charges be dismissed.

The provisions of the charter of New York do not specify the cases in which this court is justified in removing a city magistrate; but, when the charges against a city magistrate are based upon his judicial action, something more is necessary, to justify the charges,

than a statement that the magistrate made an error in applying legal principles to the decision of cases before him. The magistrate held that, to justify him in holding a prisoner accused of a violation of this section of the Penal Code, there must be evidence that the policy slips in the possession of the persons charged were in some way connected with a lottery, and that the evidence before him was not sufficient to show that the papers found upon the persons arrested and brought before him had any connection with any lottery or policy drawing. We are not called upon, on this application, to express an opinion upon the correctness of the magistrate's ruling. If it was wrong, it was an error of judgment, and in the absence of evidence that the magistrate did not fairly consider the testimony before him, and determine the questions submitted as he thought the administration of justice required, there is no basis for a charge against the magistrate which would justify us in removing him. We do not think that the facts stated in the petition were sufficient to justify a charge being made against this magistrate. It was the duty of the magistrate to protect the rights of the individual arrested, and he was not justified in holding him unless it appeared from the examination that a crime had been committed, and there was sufficient cause to believe the defendant guilty thereof. Code Cr. Proc. § 208. The crime alleged in this case consisted of the possession of a writing, paper, or document, representing or being a record of a chance, share, or interest in numbers sold, drawn or to be drawn, or in what is commonly called "policy." Whether the facts shown upon the examination were sufficient to satisfy the magistrate that a crime had been committed—that is, that the defendant had in his possession such writing, paper, or document—was a question which he had to determine from an inspection of the documents found upon the person, and the other circumstances proved before him. Certainly, in the record as presented, we cannot say that the decision in these cases was so clearly wrong that it exhibited a corrupt intent, or showed that the magistrate was incompetent to perform the duties of his office, and this is all that is necessary or proper for us to say in disposing of these charges. The fact that the grand jury subsequently indicted these same persons, and that they were either convicted or pleaded "Guilty," has no relation at all to the act of the magistrate, if he acted in good faith, and honestly determined that the evidence was not sufficient; and there is not a particle of evidence that he did not. This is not a proceeding to review his determination, and there is nothing either in the charges, or in any of the papers produced before us, which is sufficient to justify the conclusion that the magistrate did not exercise his best judgment in disposing of these charges, or do other than what he thought was just under the circumstances.

The charges are therefore dismissed. All concur.