(97 App. Div. 28.)

## In re TIGHE, City Magistrate.

(Supreme Court, Appellate Division, Second Department.   July 28, 1904.)

1. MUNICIPAL CORPORATION—MAGISTRATE—REMOVAL FROM OFFICE—STATUTE—
    CONSTRUCTION.
       In a proceeding under the amended city charter of Greater New York
    (Laws 1901, p. 599, c. 466, § 1401a), providing that a city magistrate may
    be removed for cause, a magistrate cannot be removed on charges relat-
    ing to decisions made by him where there is nothing to indicate that his
    conduct was prompted by fraud, corruption, or deliberate intent to violate
    the law, or corrupt bias, though it appeared that, in a class of criminal
    cases known as "policy playing," more persons charged with that offense
    were discharged by him than were committed during the period covered
    by the charges.

2. SAME.
       Under the amended city charter of Greater New York (Laws 1901, p.
    599, c. 466, § 1401a), providing that a city magistrate may be removed for
    cause, in a proceeding to remove a magistrate on charges relating to de-
    cisions made by him, where it appears that, in a class of criminal cases
    known as "policy playing," the magistrate did hold to bail some persons
    accused of that crime, it cannot be said that the magistrate's offense is
    one of such continued uniformity of conduct as would justify the conclu-
    sion that the magistrate was hostile to the enforcement of laws aimed at
    that form of gambling, though more persons charged with policy playing
    were discharged by him than were committed during the period covered
    by the charges.

   Proceeding for the removal of James G. Tighe from the office of city
magistrate of the city of New York.   Heard on report of referee.   Dis-
missed.

   Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

   Albert G. McDonald and Charles P. Blaney, for petitioner.
   William J. Carr, for the city magistrate.

   HIRSCHBERG, P. J.   This application is made for the removal of
City Magistrate Tighe, pursuant to the provisions of section 1401a
of the amended city charter (chapter 466, p. 599, of the Laws of 1901).
That section provides that a city magistrate may be removed for cause
after due notice and an opportunity of being heard.   The charges which
have been preferred in this case relate chiefly to the decisions of the
magistrate in the fall of 1902 in criminal proceedings pending before
him wherein he discharged certain persons who were accused of a viola-
tion of sections 344a and 344b of the Penal Code, relating to policy
gambling and the possession of policy slips, etc., and one case in which
the charge was for an assault committed in connection with an arrest
in one of the policy cases.   The proceedings upon the accusation against
the magistrate were referred to a referee to take proof as to the issues
raised by the petition and the answering papers, and to report the evi-
dence with his opinion; and the referee has reported to the effect that

while in some of the cases there seems to have been no ground on which to hold the defendants, in others the decisions were so palpably wrong as to indicate an extreme bias on the part of the magistrate in this class of cases, amounting to an obstruction of the due administration of the law. No recommendation accompanies the report, and we are called upon to determine whether the facts as developed upon the hearing are sufficient to justify or require the removal of the magistrate for judicial misconduct or incompetency. To determine that question unfavorably to the magistrate, we must find something more than mere persistency in error of judgment. There must be evidence tending to show that the judicial acts complained of were corrupt, or that they were inspired by an intention on the magistrate's part to violate the law, or at least that there was such a persistent and apparently intentional disregard of well-known legal rules as in itself to amount to judicial misconduct. See Matter of Quigley (Sup.) 32 N. Y. Supp. 828. In the Matter of Watson, decided by the former General Term, in this department, in February, 1895, Brown, P. J., stated (to quote the language of the opinion) "the rule which we think must govern a case of this character. This is practically an impeachment of a judicial officer. We are here to try him upon a charge of official misconduct. We cannot find him guilty and remove him simply because he has made an error in judgment, or has wrongly decided a particular case before him." Referring to that case in Matter of Quigley, supra, Brown, P. J., said (page 829) "that the court thought that the evidence against the accused should show that the judicial acts were corrupt, or that there was intentional violation of the laws governing a magistrate, or that there was a disregard of the legal rules that amounted to legal misconduct." Applying that rule in the Quigley Case, the court removed the accused official on a finding that he was guilty of "a uniformity of conduct going to show that he intended to violate his duty." It may be added that the rule so established is in harmony with that adopted in the Matter of Vreeland (Sup.) 2 N. Y. Supp. 38, and in the Matter of Patterson (Sur.) 15 N. Y. Supp. 963. Also in the recent case of Matter of Baker (Sup.) 87 N. Y. Supp. 1022, decided by the Appellate Division in the First Department in April of this year, where the charge against the magistrate was practically the same as in this instance, Mr. Justice Ingraham, writing for the unanimous court, said:

"We are not called upon on this application to express an opinion upon the correctness of the magistrate's ruling. If it was wrong, it was an error of judgment; and, in the absence of evidence that the magistrate did not fairly consider the testimony before him, and determine the questions submitted as he thought the administration of justice required, there is no basis for a charge against the magistrate which would justify us in removing him."

The charges presented against Magistrate Tighe allege that, in the decisions made by him which are the subject of this investigation, he wrongfully and fraudulently violated his oath of office. In addition to this express charge of fraud and intentional misconduct, it is also asserted in an alternative form that he, either through ignorance as to the law governing the cases in question, or through deliberate intent,

willfully misinterpreted the law. The learned referee acquits the magistrate of the charge of ignorance or incompetency, and the finding of bias, construed in the light of the evidence before us, is not equivalent to a finding against him upon the other charges. Conceding that many, if not most, of the decisions in question were wrong, and that the offenders should have been held by the magistrate upon the proof presented to him, there is nothing to indicate that his conduct in discharging them was prompted by fraud, corruption, a deliberate intent to violate the law, or a conscious and corrupt bias. On the other hand, it does affirmatively appear that the magistrate did hold to bail several persons accused of violations of sections 344a and 344b of the Penal Code during the period covered by these charges; he deeming the evidence in those cases sufficient to establish the probability of their guilt. It is true that more persons were discharged by him than were committed, but that fact cannot of itself be regarded as conclusive on the question of either willful intent or corrupt or improper bias. Nor is the case, as yet, one of such continued uniformity of conduct as would justify the conclusion that the magistrate is hostile to the enforcement of salutary laws aimed at the exceptionally mean and vicious form of gambling known as "policy playing." On the contrary, the proof is entirely consistent with the theory that the magistrate was influenced by arguments and briefs of counsel to the adoption of an honest, if mistaken, belief that the evidence against the accused persons was in fact wholly insufficient in law, in which belief he may very well have been also influenced to some extent by misapplied or at least misunderstood decisions of tribunals higher than his own, which were urged upon him as controlling. Under the circumstances, we deem him fully entitled to every possible favorable inference, and, finding nothing which establishes intentional wrong or error in his administration of the law, or, indeed, any intentional or corrupt motive or bias in its enforcement, hold him acquitted of the grave charges which have been presented against him.

The charges should be dismissed. All concur.