In the Matter of the Application of BROOKLYN BAR ASSOCIATION for the Removal from the Office of City Magistrate of the City of New York of DAVID HIRSHFIELD.

Second Department, May 1, 1930.

MOTION to remove respondent from the office of city magistrate.

*Edward H. Wilson*, for the motion.

*John J. Curtin*, opposed.

PER CURIAM. (1) The incidents in the first charge may be placed in three groups: (a) The first group relates to incidents upon which charges were formulated in disregard of the stenographic minutes and records which conclusively establish the erroneous bases upon which the charges were predicated. Further inquiry into these charges is not needful. (b) The second group of incidents discloses comments and observations made by respondent. The truth with reference to them need not be gone into because if true, and not justifiable, they are not of a sufficiently gross character to sustain the removal of the respondent. (c) The third group involves a claim in two instances of improper commitment of a party litigant for observation as to his or her sanity, made by respondent before the disposition of offenses of which the respondent had jurisdiction. Assuming, without deciding, that the court was guilty of an erroneous exercise of discretion or judgment, such a conclusion would not warrant removal of respondent, in the absence of corruption or willful intent to disregard the law. (*Matter of Tighe*, 97 App. Div. 28.) The allegations of fact in the petition are insufficient to charge the respondent with willful intent to disregard the law.

It follows that as to the first charge, an inquiry into the facts would be a futility.

(2) The second charge concerns the making of speeches by respondent and the writing by him of certain letters with respect to public officials, all partaking of the nature of political propaganda. The making of speeches and the writing of these scurrilous letters do not violate any statute designed to restrain political activity on the part of a magistrate. They do not constitute a sufficient basis for the removal of the respondent. They were in some instances a pitiful, and in others an inexecrable exhibition of bad taste on the part of one occupying a public position of a judicial character.

(3) The third charge concerns whether or not the respondent is a resident of the borough of Brooklyn. This is determined so largely by the intention of the respondent, which has been asserted in support of residence in Brooklyn and is without dispute supported by many years of continuous exercise of the right to vote in Brooklyn, that it does not warrant a further inquiry in this proceeding, which conclusion we arrive at without prejudice.

We, therefore, conclude that these proceedings should be dismissed, with the observation that the record discloses conduct constituting a yielding to predilections in a manner that properly subjects the respondent to disapproval, even though that conduct be not of a character that would warrant, under the authorities, his removal from office. The existence or non-existence of such predilections should, however, be considered by the appointing power in the first instance by way of avoiding the appointment to the office of magistrate of individuals who are likely to indulge in comments, observations and conduct of an objectionable character which militates against the seemly administration of justice, even though that conduct be not of so gross a character as to warrant, under the precedents and present statutes, the removal of an incumbent for indulging in it.

The motion should be denied.

YOUNG, CARSWELL and SCUDDER, JJ., concur; LAZANSKY, P. J., and HAGARTY, J., dissent, with the following memorandum: A city magistrate may be removed for cause. (Const. of N. Y. art. 6, § 17; Inferior Crim. Cts. Act of City of N. Y. [Laws of 1910, chap. 659], § 103, as amd. by Laws of 1925, chap. 618.) *Cause*, in so far as official acts are concerned, includes corruption, general neglect of duty, delinquency affecting general character and fitness for the office, acts in violation of law inspired by some interest, oppressive and arbitrary conduct, and reckless disregard for the rights of litigants. (*Matter of Peterson*, 39 N. Y. St. Repr. 923; *Matter of Baker*, 94 App. Div. 278; *Matter of Bolte*, 97 id. 551; *Matter of Droege*, 129 id. 866; *Matter of Barlow*, 141 id. 640.) The

respondent, it should be stated, is charged neither with corruption nor neglect of duty. The two main charges have to do with official acts. It is asserted that respondent committed to the department of public hospitals for observation as to their sanity two persons, neither of whom, it is alleged, on appearance before the respondent, acted differently from a normal person, exhibited any signs of insanity or appeared to be insane, nor was in fact insane; and that the respondent, in committing each of these persons to be examined as to sanity, acted arbitrarily, oppressively and illegally. The respondent denies the charges and avers that he acted in good faith, in the belief that each of the persons was a mental defective and required observation before further prosecution. While it may seem incredible that a magistrate of the experience of the respondent, who has occupied other public office, could so far forget his official duties as willfully to deprive a citizen of his liberty, the charge, although general in terms, is here and must be met, for if it be the fact that these persons were committed arbitrarily and willfully, then, in our opinion, the respondent is not fit to continue as a city magistrate. We agree with the majority of the court that the other items of the first charge, consisting of displays of temper and minor irregularities, even if they be true, would not warrant removal of the respondent. In the very nature of the service, it cannot be expected that some of those engaged therein will not from time to time make mistakes and show signs of irritability. However, these items should be considered in connection with those above mentioned. While attention has not been called to any authority holding that conduct outside of official life may be a *cause* for removal, it has been suggested that a magistrate may conduct himself in his personal affairs in a manner inconsistent with judicial character and by loss of general respect in the community impair his usefulness as a judge and thus render himself unfit to occupy the office. (*Matter of Deuel*, 127 App. Div. 640; *Matter of Strahl*, 201 id. 729.) We are of opinion that the letters and speeches of the respondent against which complaint is registered here do not come within this rule. Immoderate and ill-tempered attacks on public officials, especially where unsupported by facts, should not flow from the pen or fall from the lips of a judge, whose judgments always must be in deference to the facts. In this case we deem it wiser to overlook such offensive, though ineffective, effusions than to intrude upon the freedom of speech and the press, the limitation of which, in the criticism of public officials, would lead to greater evils than the generous and sometimes wanton use of these guaranteed privileges. As indicated in respondent's answer, the

source of these attacks was probably the only place where they were considered of consequence. However, we heartily disapprove of these letters and statements. We agree that this charge should be dismissed, and also the charge as to respondent's residence, as to which we are in accord with our associates.

Motion to remove a city magistrate denied.