In the Matter of the Charges Made by SAMUEL J. KANE, Foreman of the Extraordinary Grand Jury of Kings County, and Individually and as a Taxpayer, Petitioner, against MARK RUDICH, City Magistrate, Respondent.

Second Department, March 25, 1939.

*John Harlan Amen*, attorney designated to assist the court.

*Walter R. Hart*, for the respondent.

PER CURIAM. A petition has been presented which alleges that respondent has been guilty of such conduct as requires his removal from the office of city magistrate of the city of New York. He has interposed an answer which in effect is a general denial. The petition contains eight charges, which it will serve no useful purpose to set forth in detail. A hearing has been had before this court, at which evidence was adduced in support and refutation of these charges.

We have arrived at a conclusion which makes unnecessary passing judgment separately on each of the several charges.

The Constitution empowers the Legislature to provide for the removal of a justice of an inferior court not of record " for cause." (N. Y. Const. art. 6, § 17.) The Legislature has authorized this court to act in a proper case. (Code Crim. Proc. § 132; Inferior Crim. Cts. Act, § 162.) Neither the Constitution nor the statutes enacted thereunder prescribe what constitutes the " cause " which justifies

a removal. The cases have defined it as including corruption, general neglect of duty, *delinquency affecting general character and fitness for office*, acts violative of law inspired by interest, oppressive and arbitrary conduct, reckless disregard of litigants' rights, and acts justifying " the finding that his future retention of office is inconsistent with the fair and proper administration of justice." (*Matter of Droege*, 129 App. Div. 866, 882; 197 N. Y. 44, 52; *Matter of Brooklyn Bar Association* [*Hirshfield*], 229 App. Div. 654; *Matter of Barlow*, 141 id. 640.)

The procedure herein has been in accord with the Constitution and the pertinent statutes; there is no assertion to the contrary, and as only questions on this phase are reviewable (*Matter of Droege*, 197 N. Y. 44, 52), our decision is final, since it concerns the facts and our view of the law applicable thereto. (*Matter of Droege, supra.*) This consequence has caused us to scrutinize the evidence and come to conclusions respecting it with sedulous care.

The basic evidence upon which the petitioner relies comes from one Louis Kassman. He is a confessed perjurer, and respondent asserts that there is no sufficient corroboration of his testimony to warrant his being credited in whole or part. The rule in this respect, under section 399 of the Code of Criminal Procedure and cases thereunder, which obtains in a criminal court is not controlling in a proceeding of this kind. The rule which is applicable approximates that prevailing in disciplinary proceedings. The extent to which corroboration is needful in such a proceeding is to be determined by the court in each case. (*Matter of Hardenbrook*, 135 App. Div. 634, 636.) The extent to which corroboration is necessary in a proceeding of this character may be even less stringent than in an ordinary disciplinary proceeding. It is sufficient if the corroboration exists to such a degree as satisfies the mind and conscience of the court, even though it be not of a sufficient degree to sustain a criminal conviction and the consequences which ensue therefrom.

We have weighed the evidence in the light of this standard and have credited it sufficiently to arrive at a conclusion. Louis Kassman appears to have been known in the Magistrates' Courts as a notoriously unreliable, undependable and recklessly dishonest individual. The evidence discloses over a considerable period of time a series of instances in which, with knowledge of Kassman's character, the respondent made himself unduly accessible to Kassman and indulged in co-operation with Kassman to an extent that enabled Kassman successfully to carry on his nefarious activities and bring the administration of the law under a cloud. Respondent's course of conduct in his relations with Kassman has been

such as to reveal " delinquency affecting his fitness for office," and discloses that his retention in office is inconsistent with the fair, proper and wholesome administration of justice.

Accordingly in so far as is necessary to sustain this conclusion, the facts adduced under the several charges are found against the respondent and the charges to that extent sustained, and he should be removed from office.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and CLOSE, JJ., concur.

Charges sustained, and respondent removed from office.