UNITED STEELWORKERS OF AMERICA (AFL–CIO), an unincorporated association, and Joe Kirk, Jr., Plaintiffs,

v.

J. Garner BAGWELL, Mayor, J. D. Myers, Chief of Police, and Wilkes Kivet, Wesley Shell, Sherman Mitchell, Clarence Stimpson, Clement Wilhelm and A. L. Mills, Jr., Councilmen of the City of Statesville, North Carolina, Defendants.

Civ. A. No. 503.

United States District Court
W. D. North Carolina,
Statesville Division.

Heard Jan. 18, 1965.

Decided March 18, 1965.

James B. Ledford, Charlotte, N. C., Jerome A. Cooper, Birmingham, Ala., and David Feller, Washington, D. C., for plaintiffs.

Jack R. Harris, Statesville, N. C., for defendants.

CRAVEN, Chief Judge.

This is a lawsuit wherein a labor union (Steelworkers) and an individual

employee (Kirk) of the union seek to have ordinances of the City of Statesville declared unconsitutional and void and their enforcement restrained. If the labor union lacks standing to maintain the action, Bailey v. Patterson, 368 U.S. 346, 82 S.Ct. 282, 7 L.Ed.2d 332 (1961), it is not of controlling importance since the individual plaintiff is allegedly threatened with prosecution under the ordinances. Nor does it matter in the posture of the case if the "liberty guaranteed by the due process clause is the liberty of natural, not artificial, persons", Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 969, 83 L.Ed. 1423, 1443 (1939), for Kirk is clearly entitled to assert the privileges and immunities which Section 1 of the Fourteenth Amendment secures for citizens of the United States.

██ Jurisdiction in this court exists under 28 U.S.C.A. § 1343(3), and neither diversity of citizenship nor amount in controversy are requisites of a cause of action asserted thereunder. Hague v. Committee for Industrial Organization, supra, 307 U.S. at 507–514, 527–532, 59 S.Ct. 954; Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954), cert. denied 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955).

The harder question is whether jurisdiction ought to be exercised. The questioned ordinances, set out in the margin,[1]

1. Ordinance section 14–5: "It shall be unlawful *without first having obtained a permit from the Chief of Police and approved by the City Council* for any person to distribute upon any street or sidewalk of the city or to place in any automobile or vehicle any circular, handbill, card or poster; provided, however, that this section shall not apply to the distribution of newspapers carrying advertising matter nor to circulars, handbills, cards and posters exclusively advertising the candidacy of any person for public office or containing matter exclusively of a political or religious nature." Note: The italicized portion was enacted after this litigation began.
Ordinance section 14–31.1:
"(a) Every person who, within the City of Statesville, shall solicit membership or memberships in any club, association, or union, where there is any charge for membership therein, shall prior to any solicitation for members thereof, apply to the Chief of Police for a license and upon approval of the Chief of Police obtain from the City Clerk a license authorizing such activities upon his or her part, said license when issued to be valid for a period of thirty days only. Provided, however, this ordinance shall not apply to those persons, clubs, associations or unions where the solicitor or solicitors of membership receive no compensation for their services. A pre-requisite for the obtaining of such license shall be:
"1. A showing that the applicant is of good moral character, by furnishing to the Chief of Police two (2) letters, from residents of Iredell County, substantiating such character.
"2. That he or she has never been convicted of any offense against the laws of any State, or of the United States wherein such crime involved moral turpitude or the commission of a felony.
"3. That the applicant is not now, nor has ever been affiliated with, or a member of, any organization or group listed by the Attorney General of the United States as subversive, or any organization of communistic nature or advocating the violent overthrow of the Government of the United States or any State.
"4. That the applicant agrees to be fingerprinted.
"5. A payment of the sum of $1.00 to the City Clerk as a license fee.
"6. A statement of the name of said club, association or union for which membership is so solicited.
"7. It being expressly understood that a separate license must be obtained by each person that solicits memberships as hereinabove provided, in order that a firm, partnership, or corporation cannot obtain a license that would be valid for all persons in said firm, partnership, or corporation to use.
"8. In addition to the above required information, the person, firm, association, partnership, or corporation must first list the location and address of the principal office and place of business together with the

are of doubtful constitutionality, serving dubious purposes.[2] Similar laws have been struck down time and again as being in basic conflict with the great democratic freedoms secured by the First Amendment. Thomas v. Collins, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430 (1945); Staub v. City of Baxley, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958); Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1938). These fundamental liberties are protected by the Fourteenth Amendment from invasion by state (including municipal) action. Lovell v. City of Griffin, supra, 303 U.S. at 450, 58 S.Ct. 666. These liberties have a sanctity not permitting dubious intrusions, Thomas v. Collins, supra, 323 U.S. at 530, 65 S.Ct. 315, even for proper purposes, such as litter control, Schneider v. State of New Jersey, Town of Irvington, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155, 165 (1939).

■ It is stipulated that Kirk "has been informed that he will be subject to arrest and prosecution under the ordinances * * * unless he applies for and obtains a permit * * *." Whether so informed by his own lawyer, an official of the City of Statesville, or someone else is not disclosed. Nor does it certainly appear that he *will* be arrested and prosecuted. So far he has not been. Perhaps his fears are groundless.[3] It cannot, and should not, be assumed that Kirk's constitutional rights will not be vindicated in the courts of the State of North Carolina.

"Ordinarily, a federal court will not assume jurisdiction to enjoin criminal proceedings in a state court under state or local laws * * * for even if the proceedings * * * in the state court are brought under an allegedly unconstitutional state law, the defendant can raise the federal question in those proceedings with the right to appeal to the highest court of the state and then to the Supreme Court of the United States." 28 Am.Jur., Injunctions Section 234; and see Bailey v. Patterson, supra.

Discretionary refusal to exercise equitable power to interfere with state criminal prosecution has been specifically sanctioned by the United States Supreme Court as an approved device to preserve the proper balance between the states and the federal government in law enforcement. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138, 143 (1951).

■ Courts of equity should refuse "to interfere with or embarrass threatened proceedings in state courts save in * * * exceptional cases * * * to prevent irreparable injury which is clear and imminent * * *." Douglas v. City of Jeannette, supra, 319 U.S. at 163, 63 S.Ct. at 881. No such irreparable injury, clear and imminent, is threatened here. There may be no prosecution. If there is, the straws in the wind (see footnote 3 supra) point toward acquittal rather than conviction. And if there should be conviction, ample remedies are

---

local office of said business and, if a corporation, the name of its President and Secretary & Treasurer, and their respective addresses.

"(b) Any person, firm, or corporation who shall fail or refuse to comply with the provisions of this Ordinance, shall upon conviction thereof, be punished as provided in the Code of the City of Statesville for violations of City ordinances and each day that this ordinance is not complied with as provided, shall be deemed a separate offense.

"(c) Be it further ordained that all ordinances or parts of ordinances, in conflict herewith be, and the same hereby are re-

pealed, and if any part of this ordinance should be declared invalid, then in that event, any part not so declared invalid shall be in full force and effect."

2. According to a press report the Mayor stated the ordinances were designed to keep the city free from litter and to protect the citizens from "undesirables".

3. It has been reported in the press that Honorable C. H. Dearman, judge of the City Recorder's Court, recently dismissed charges brought under these ordinances against an organizer of another union on the ground that the ordinances were unconstitutional.

thereafter available to test the validity of the ordinances.

In the present posture of the case, on the findings of fact and conclusions of law contained herein, and in the exercise of discretion, it is adjudged that this court will not exercise its equity jurisdiction to restrain prosecution under the ordinances involved herein, and will not adjudicate the constitutionality of said ordinances, deferring instead to the coordinate power of the courts of the State of North Carolina. The Complaint will be dismissed.