In the Matter of E. C. VAN BROCKLIN, a Justice of the Peace of the Town of Orleans.

Fourth Department, October 27, 1966.

*John R. Murray* for petitioner.

*Robert J. Maloney* for respondent.

*Per Curiam.* This is a proceeding to remove respondent from his office as a Justice of the Peace of the Town of Orleans in Jefferson County. It originated by the complaint of the Sheriff of Jefferson County.

On the evening of July 4, 1965 Deputy Sheriff Ebbrecht, while driving a patrol car, observed a motor vehicle being operated in the Town of Orleans without a registration plate. He stopped the vehicle and questioned one Delbert Worden, the operator thereof. Worden stated that he was looking for his pregnant wife. He admitted the vehicle was not registered but was not certain whether it had insurance coverage. The vehicle was left in a field and Worden was taken before Justice VAN BROCKLIN. No information was laid at that time. As the result of conversations between Worden and VAN BROCKLIN an agreement was made between the two of them that Worden could have until July 15 to obtain registration and insurance coverage in which event the matter would be closed.

According to Ebbrecht he did not enter into these conversations. At the end he inquired as to what was to be done with the unlicensed vehicle. Worden said it was standing on the land of his employer and he could drive it home " crosslots ".

The following day the deputy reported the incident to his superior, Sergeant Badour, who prepared informations and a warrant and sent Ebbrecht to the Justice to request issuance of a warrant which Ebbrecht did on July 6. The Judge refused to sign the informations or issue a warrant because of the burden on the taxpayers if Worden was sent to jail. The papers were left with the Judge and picked up unsigned on July 20 when Sergeant Badour went there to inquire if they had been acted upon.

On October 1, 1965 Ebbrecht again took the papers to Justice VAN BROCKLIN and requested action. The Judge " flatly refused " to act. Respondent was re-elected in November, 1965, and on January 4, 1966 Ebbrecht and Badour again presented the informations and warrant. The Judge not only refused to act, but said that the officers " blew me in to the Appellate Division." In the meantime Sergeant Badour asked two other Justices in adjoining towns to act, but they " did not want to interfere."

It further appears that on July 12, 1965 Worden had a 1956 Plymouth car, which was the year and make of car he was operating on July 4, added to his insurance policy. This was done apparently to satisfy his promise to Justice VAN BROCKLIN. It

appears that the 1956 Plymouth was never registered. Instead, on July 9, 1965 Worden transferred a registration from a 1949 Dodge to a 1959 Chevrolet.

Justice VAN BROCKLIN's testimony does not dispute any of the foregoing facts. In his letter of September 13, 1965 to the Presiding Justice, received in evidence, he stated that "The Sheriff and myself agreed to give defendant a time limit." Upon the hearing he testified that the arresting officer "didn't say anything for [the agreement] or anything against" it, so he felt the officer was going along.

Respondent has occupied the office since 1953 and is the only active Justice in the town. He appears to have had considerable experience and the Sheriff's men have brought other cases before him since this occurrence.

The informations charged violations of sections 319 (uninsured vehicle) and 401 (unregistered vehicle) of Vehicle and Traffic Law. Each is a misdemeanor.

The respondent appears to have been motivated by the facts that Worden had no money, his wife was "expecting", a $100 fine was involved, and the Wordens would become a town charge if defendant was sent to jail. He admitted, however, that he never "gave a thought" to a suspended sentence.

We are convinced that the 1956 Plymouth that Worden was operating was never registered in accordance with the "agreement". What Worden did was to get his insurance carrier to add a 1956 Plymouth to his policy on July 12 as a second car. This was the proof he apparently submitted to respondent.

Section 148 of the Code of Criminal Procedure provides that when an information is laid before a Magistrate he "must" examine on oath the informant. If he is satisfied (§ 150) therefrom that the crime has been committed he may, as to certain crimes and in his discretion (subd. 1), issue a summons. Otherwise (subd. 2) he "must" issue a warrant if satisfied that the crime has been committed and there is reasonable ground to believe that the defendant has committed it.

This proceeding is brought under section 132 of the Code of Criminal Procedure, which empowers our court to remove "for cause" Judges of a town, village, or city court. "Cause" which justified removal has been defined "as including corruption, general neglect of duty, delinquency affecting general character and fitness for office, acts violative of law inspired by interest, oppressive and arbitrary conduct, reckless disregard of litigants' rights, and acts justifying 'the finding that his future retention of office is inconsistent with the fair and proper administration of justice.'" (*Matter of Kane* v. *Rudich,* 256 App. Div. 586, 587.)

We have some sympathy for this headstrong respondent, but upon the record we conclude that his conduct constituted a plain refusal to perform his statutory duty. In office for many years and handling a substantial volume of judicial work, he certainly must have known of his power to suspend sentence or place on probation. Instead he disposed of the charges in his personal way and then stubbornly refused to retreat. We find him guilty of the charges.

However, in view of his length of service and the fact that he has never been officially rebuked for his conduct, we do not believe that removal is necessary but that censure will be sufficient and should help to prevent future deviations from duty.

The respondent should be censured.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Order of censure entered.