Floyd SARISOHN, Suffolk County District Court Judge, Plaintiff,

v.

APPELLATE DIVISION, SECOND DE-PARTMENT, SUPREME COURT OF the STATE OF NEW YORK, Defendant.

No. 67–C–178.

United States District Court
E. D. New York.

March 16, 1967.

Arthur Goldstein and Harry C. Brenner, Huntington, N. Y., for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of State of New York, for defendant; Samuel A. Hirshowitz, First Asst. Atty. Gen., Robert E. Hugh, Robert S. Hammer, Asst. Attys. Gen., of counsel.

BARTELS, District Judge.

This is an application under Rule 65 (b), Fed.Rules Civ.Proc., 28 U.S.C.A., by Floyd Sarisohn, Judge of the District Court of Suffolk County, for an order temporarily restraining the defendant, Appellate Division, Second Department, Supreme Court of New York, from conducting any proceedings against him pending the determination of his present action against the defendant as set forth in his complaint.

The action is instituted under 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983 (Civil Rights Act), demanding a permanent injunction restraining the defendant from taking further proceedings to remove

the plaintiff from his judgeship pursuant to Article VI, Section 22(i) of the New York State Constitution, Section 132 of the Code of Criminal Procedure, and Section 103(e) of the Uniform District Court Act, upon the ground that said New York constitutional and statutory provisions are unconstitutional. The complaint also requests that a three-judge special district court be invoked to decide the issue pursuant to 28 U.S.C.A. § 2281. Defendant moves for a dismissal of the complaint under Rule 12(b) (1) and (6), Fed.Rules Civ.Proc., 28 U.S.C.A., upon the ground that the Court lacks jurisdiction over the subject matter and that the plaintiff fails to state a claim upon which relief can be granted. At the same time it opposes plaintiff's application for a three-judge court and the issuance of a temporary restraining order.

Plaintiff was elected a District Court Judge of Suffolk County for a term of six years, beginning January 1, 1964. Subsequently, on August 12, 1966, the Appellate Division ordered an investigation concerning plaintiff's conduct, pursuant to Article VI, Section 22(i) of the New York State Constitution and Section 132 of the Code of Criminal Procedure, and in connection therewith relieved plaintiff from his judicial assignments until further order of the Court.

Article VI, Section 22(i) of the New York State Constitution provides, in substance, for the removal of a district court judge "for cause", and Section 132 of the Code of Criminal Procedure and Section 103(e) of the Uniform District Court Act implement this provision by setting forth the mechanics of conducting the removal proceedings.

Plaintiff's charges of unconstitutionality may be reduced to two fundamental contentions, (1) that the term "for cause" in the State Constitution and relevant removal statutes violates due process and consequently is unconstitutional and void because of vagueness, and (2) that the scheduled trial before the Appellate Division violates plaintiff's rights under the due process and equal protec-

tion clauses of the Fourteenth Amendment. These contentions are predicated upon charges that (i) the Appellate Division is an interested party and will be acting as prosecutor, judge and jury; (ii) among the original charges against plaintiff are charges accusing him of making statements which discredited the Presiding Justice and all the Justices of the Appellate Division, which in turn has biased the Appellate Division; and (iii) among the nine charges against plaintiff, four relate to events which occurred before he became a judge. In the action before the Appellate Division plaintiff moved to dismiss the complaint upon the above grounds or in the alternative, for the Appellate Division to disqualify itself and to order a hearing before one of the other Appellate Divisions. These motions were denied and thereafter the Court of Appeals denied leave to appeal.

■ The critical question, as far as this Court is concerned, is whether it would be justified in invoking a three-judge statutory court to consider the above issues. It is fundamental that a district judge may not convene such a court if he is convinced that the ground for the constitutional attack on the State Constitution or statute is insubstantial, Bell v. Waterfront Commission of New York, 2 Cir. 1960, 279 F.2d 853, 857; Powell v. Workmen's Compensation Bd. of State of New York, 2 Cir. 1964, 327 F.2d 131, 138; Bradley v. Waterfront Com'n of New York Harbor, S.D.N.Y. 1955, 130 F.Supp. 303; The Three Judge District Court, Scope and Procedure under Section 2281, 77 Harv.L.R. 299 (1963–64), and this insubstantiality may appear because either the issue is "obviously without merit" or its invalidity results from previous decisions of the Supreme Court (California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323). In other words, the three-judge statute may not be invoked when the constitutional issue presented is "essentially fictitious". Bailey v. Patterson, 1962, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512.

Mere form of words alleging a violation of the Constitution and labelling the suit as one to restrain action by State officers in enforcing an invalid constitutional or statutory provision is insufficient without some support in the complaint of fact or law. Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 1934, 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318.

I

The crux of plaintiff's complaint is that the statute fails to give him adequate warning and that its sweep is too broad because it leaves uncertain the standards which are required to be met as to the conduct it permits and the conduct it prohibits. While on its face this may have some superficial plausibility, actually the phrase employed is only a practical means of providing flexibility. The words "for cause" mean for a cause to be enumerated and specified in each particular instance so that the defendant may be duly notified and adequately prepared to defend the charges.[1] It does not mean that a judge may be removed for "cause" without more and without an enumeration of the charges constituting the alleged "cause". It would be impos-

sible to enumerate in any statute all the possible grounds and circumstances justifying the removal of a judicial officer. Guidelines may be found in the Canons of Ethics, applicable to both attorneys and judges, adopted by the American Bar Association and other bar associations, and also in the general moral and ethical standards expected of judicial officers by the community.[2] "For cause" has been defined in several cases involving the removal of judicial officers and they provide a reasonable person with a competent definition of this phrase. See, Matter of Louis L. Friedman, 1963, 12 N.Y.2d (a), appeal dismissed, Friedman v. Court on the Judiciary of the State of New York, 1963, 375 U.S. 10, 84 S.Ct. 70, 11 L.Ed.2d 40; Matter of Osterman, 1963, 13 N.Y.2d (a), cert. denied, 1964, Osterman v. Court on the Judiciary of the State of New York, 376 U.S. 914, 84 S.Ct. 660, 11 L.Ed. 611; Matter of Kane v. Rudich, 1939, 256 App.Div. 586, 10 N.Y.S.2d 929; Matter of Newman v. Strobel, 1932, 236 App.Div. 371, 259 N.Y.S. 402.[3] "Cause" and similarly broad standards have been upheld against the charge of vagueness as used in numerous statutes, to justify removal from office or denial of license privileges.[4]

---

1. This is what happened in this case where the Appellate Division issued an order for an investigation concerning plaintiff's conduct pursuant to which a statement of the charges was served upon him with an opportunity to answer after due notice, and to submit proof before the investigator with counsel and to cross-examine and present any evidence concerning the charges against him.

2. "For unto whomsoever much is given, of him shall be much required: and to whom men have committed much, of him they will ask the more." Luke 12:48.

3. Plaintiff points out that acceptable standards are provided for "cause" in Sections 32 and 36 of the Public Officers Law, McKinney's Consol.Laws, c. 47 and Section 12 of the Code of Criminal Procedure. The words used in these sections are "misconduct", "maladministration", "malfeasance" and "malversation" in office or willful and corrupt misconduct in office. These

words are equally indefinite and vague and illustrate the impossibility of describing in detail what "cause" would mean in every case.

4. Wright v. Securities and Exchange Commission, 2 Cir. 1940, 112 F.2d 89 (loss of position because "necessary and appropriate for the protection of investors"); Homer v. Richmond, 1961, 110 U.S.App.D.C. 226, 292 F.2d 719 (denial of radio-telegraph operator's license because not a "suitable and safe person to be entrusted with the duties" of such position); Board of Education of City of Los Angeles v. Swan, 1953, 41 Cal.2d 546, 261 P.2d 261, cert. denied, 347 U.S. 937, 74 S.Ct. 627, 98 L.Ed. 1087; Sanschick v. Michigan State Board of Exam. in Optom., 1955, 342 Mich. 555, 70 N.W.2d 757; Bell v. Board of Regents, 1946, 295 N.Y. 101, 65 N.E.2d 184, 163 A.L.R. 900 (each denying a license because of "unprofessional conduct" of licensee). See, 50 App.U.S.C.A. § 459(c) (1) and 5 U.S.C.A. § 863.

■ The Court concludes that the charge of unconstitutionality for vagueness of the removal provisions in the State Constitution and the relevant removal statutes is insubstantial and accordingly provides no reason to invoke a three-judge court.

## II

■ The second contention is addressed to plaintiff's deprivation of due process and the equal protection of the law because of disqualification of the Appellate Division to hear the case for the reasons above stated. The charge that the Appellate Division is acting as prosecutor, judge and jury is not a new one. It was specifically raised in the Matter of Friedman, supra, and in general language in the Matter of Osterman, supra, and rejected in both instances. Furthermore, plaintiff impliedly consented to the removal procedure. The office of district judge was created by the Constitution and statute of the State and the rights of the person elected to that office are measured thereby. The provisions for removal appeared in the relevant enactments before the plaintiff submitted his candidacy to the electorate and by offering himself for the position and taking the office he agreed to be bound by all of their provisions. Wilson v. North Carolina, 1898, 169 U.S. 586, 596, 18 S.Ct. 435, 438, 42 L.Ed. 865.

■ Referring to plaintiff's claim of prejudice and bias, it appears that the charges against him arising out of alleged disparaging remarks about Justice Beldock and the Appellate Division have been dropped and further that Justice Beldock will not sit. The interest of the Justices in such charges is the protection of the image of the Court rather than any personal interest. See, In re MacNeil, 1 Cir. 1959, 266 F.2d 167, cert. denied, 361 U.S. 861, 80 S.Ct. 120, 4 L. Ed.2d 103. It would be a unique device if a plaintiff could disqualify an entire court simply because he is charged with disparaging remarks which at the trial

might be disproved. Concerning the charges against the plaintiff relating to antecedent events, the issue is one of delinquency affecting plaintiff's general character and fitness for office. This is a State issue without the jurisdiction of this Court—at least for the present. Plaintiff argues that under the doctrine of Matter of Droege, 1909, 197 N.Y. 44, 90 N.E. 340, the Court of Appeals will not take jurisdiction of plaintiff's grievances and that therefore the Appellate Division remains the exclusive arbiter of what constitutes "for cause". He concludes that all State court remedies accordingly have been exhausted. But this statement is apparently untrue with respect to plaintiff's complaints other than "for cause". In Matter of Droege, supra, the Court specifically stated that there was no criticism of the practice and procedure of the Appellate Division which it held exercised its jurisdiction "fully in compliance with the constitutional and statutory provisions", leaving the door open for consideration of cases where there is such criticism. At all events, the refusal of the Court of Appeals to consider any such constitutional issues may be reviewed by the Supreme Court.

■ There is a distinction between the question whether the phrase "for cause" is unconstitutionally vague and what the Appellate Division may decide constitutes such "cause". The issue in the latter case as well as the issues of disqualification and bias do not involve the enforcement of an allegedly unconstitutional statutory provision. They involve only conduct of state officials under color of the statute. Plaintiff seeks, as to such action, to restrain not the enforcement of a statute but to restrain only certain judicial action thereunder, and of course this is not a subject for a three-judge court. Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800.

■ The jurisdiction of this Court, as a single judge, must therefore be predicated upon the Civil Rights Act.

It is well established that in exercising its jurisdiction in such cases the Court may do so only "with proper regard for the rightful independence of state governments in carrying out their domestic policy". Burford v. Sun Oil Co., 1943, 319 U.S. 315, 317–318, 63 S.Ct. 1098, 1099, 87 L.Ed. 1424; Louisiana Power & Light Co. v. City of Thibodaux, 1959, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058. The Court must defer to the state courts unless it is crystal clear that the state remedy, though adequate in theory, is not available in practice. There is no such showing here and there appears to be no possible reason to interfere "with proper and validly administered state concerns, a course so essential to the balanced working of our federal system". Harrison v. N. A. A. C. P., 1959, 360 U.S. 167, 176, 79 S.Ct. 1025, 1030, 3 L. Ed. 1152. At present there is no adjudication depriving the plaintiff of his position as a judge and indeed there may never be such determination. The fact that proceedings have been instituted is immaterial; otherwise the initiation of all disciplinary proceedings would be barred under all circumstances. It is the duty of the Court not "to interfere with or embarrass threatened proceedings in state courts save in * * * exceptional cases * * * to prevent irreparable injury which is clear and imminent * * *." Douglas v. City of Jeannette, 1943, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324. In this case such injury is not clear and imminent and it would be presumptuous and improper for this Court to attempt to exercise its equitable power based upon the assumption that plaintiff's constitutional rights would be violated in the state court proceeding. Lane v. McDevitt, E.D.Pa.1966, 255 F. Supp. 413. In order to preserve the delicate balance between state and federal governments in law enforcement, a federal court should be particularly reluctant to assume jurisdiction to enjoin state criminal and disciplinary proceedings under local laws. Cf., Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138; United Steelworkers of America v. Bagwell, W.D.N.C.1965, 239 F.Supp. 626.

Plaintiff's motion must be denied and defendant's motion dismissing the complaint granted. This is an order.