In the Matter of Proceedings against SUFFOLK COUNTY DISTRICT COURT JUDGE FLOYD SARISOHN, Respondent.

Second Department, December 27, 1967.

*Solomon A. Klein,* counsel appointed to prosecute the proceeding.

*Frederic Block* for respondent.

*Per Curiam.* On May 15, 1967 this court, after a hearing, removed respondent for cause from his office as Judge of the Suffolk County District Court and prohibited him from thereafter holding judicial office, appointive or elective, based on findings that he was guilty of the second part of charge 1, and charges 2, 7, 9, 10 and 16, as contained in the original and supplemental statements of charges, and his invocation at the hearing of his constitutional privilege against self incrimination (*Matter of Sarisohn,* 27 A D 2d 466).

On appeal to the Court of Appeals, that court on December 7, 1967 found that the evidence in support of the second part of charge 1 was inadmissible because it consisted of intercepted telephone conversations based on eavesdropping orders not

obtained in accordance with the requirements of the statute (Code Crim. Pro., § 813-a). The Court of Appeals thereupon remanded the matter to this court with instructions to dismiss the first charge unless other untainted evidence could be supplied to support it and, if the charge be dismissed, to reconsider the disposition to be made on the basis of the remaining charges (21 N Y 2d 36).

Counsel appointed to conduct the proceeding has stated to the court that no evidence independent of the wiretaps exists to support the second part of charge 1 and has moved (as has respondent) to dismiss charge 1. That motion is granted.

Charge 2 was that respondent, while a District Court Judge, sought to coerce the disclosure from a woman defendant, mistakenly sued in a property damage action, the name of the owner of the automobile involved in the collision in question and summarily directed a court officer to take her into custody (prior to the trial of the action) and to place her in a cell, from which incarceration she was subsequently released by order of the Court Clerk. The Court of Appeals, in affirming the finding of guilt on this charge, held that there was substantial evidence to support the charge and characterized respondent's conduct as "high-handed and oppressive".

Charge 7 was that respondent, while a District Court Judge, improperly injected himself (contrary to the express instructions of the Presiding Judge of the District Court) into the acceptance of a plea of guilty before the return day of a traffic summons, without having been assigned to the court in which the summons was returnable, and without having before him the counterpart papers customary in disposing of a traffic summons. The Court of Appeals affirmed the guilty finding on this charge.

The proof as to charge 9 was that respondent, while a Justice of the Peace of the Town of Smithtown, ordered a court attaché to obliterate docket entries directing the entry of a default against the tenant in a landlord-tenant summary proceeding, without notice to the landlord's lawyer. This court's finding of guilt on this charge was based in part on an affidavit made by respondent in a proceeding shortly after the occurrence, although his testimony at the hearing directly contradicted the affidavit. The Court of Appeals held that this charge was supported by substantial, if not overwhelming, evidence and that this conduct affected respondent's general character and fitness for office as District Court Judge.

Charges 10 and 16 were that respondent, while a District Court Judge, displayed overt prejudice against an attorney of record in two cases before him (as to one on November 12, 1964

and the other on March 31, 1965) and in bringing untoward pressure to bear upon trial counsel in abusive and improper language. This court, in finding both charges sustained, stated that respondent had shown a pattern of unjudicial conduct on both occasions. The Court of Appeals held that the evidence substantially supported these two charges.

The Court of Appeals held that each of charges 2, 7, 9, 10 and 16 was substantial cause for the imposition of sanctions, although it stated that there would be serious question whether charge 7, standing alone, would warrant the imposition of a grave sanction.

This court stated in its opinion of May. 15, 1967 that " cause " sufficient to justify removal of a Judge of an inferior court has been defined as acts " including corruption, general neglect of duty, *delinquency affecting general character and fitness for office,* acts violative of law inspired by interest, oppressive and arbitrary conduct, reckless disregard of litigants' rights, and acts justifying ' the finding that his future retention of office is inconsistent with the fair and proper administration of justice ' " (*Matter of Kane* v. *Rudich,* 256 App. Div. 586, 587).

We are in agreement with the Court of Appeals that charge 7, standing alone, would not warrant the imposition of a grave sanction. However, in our opinion, respondent's guilt of charges 2, 7, 9, 10 and 16, considered together, comes within the compass of " cause " as thus defined and is sufficient ground not only for the removal from his office as a District Court Judge, but also for prohibition from holding judicial office, appointive or elective. In arriving at this conclusion, we have completely disregarded charge 1 (which has been dismissed) and respondent's claim of privilege (which arose solely in connection with charge 1).

Respondent should be removed from his office as Judge of the Suffolk County District Court, *nunc pro tunc* as of May 15, 1967, and should be prohibited from thereafter holding any judicial office, appointive or elective.

BRENNAN, Acting P. J., RABIN, HOPKINS and BENJAMIN, JJ., concur.

On remittitur from the Court of Appeals (*Matter of Sarisohn,* 21 N Y 2d 36, revg. 27 A D 2d 466), (1) charge 1 in this proceeding to remove respondent from office as a Judge of the District Court of Suffolk County for cause (N. Y. Const., art. VI, § 22, subd. i; UDCA, § 103, subd. [e]; Code Crim. Pro., § 132) is dismissed, on respective motions by counsel appointed to conduct the proceeding and by respondent, and (2) upon this

court's findings that respondent was guilty of charges 2, 7, 9, 10 and 16, which findings the Court of Appeals affirmed, respondent is removed from said office for cause, *nunc pro tunc* as of May 15, 1967 (the date of this court's original order herein removing him from said office), and he is hereby prohibited from thereafter holding any judicial office, appointive or elective.