Richard A. NAPOLITANO, Plaintiff,

v.

Hon. Daniel P. WARD, Justice of the Illinois Supreme Court; the Honorables Joseph Burke and Samuel O. Smith, Justices of the Appellate Court of Illinois; and the Honorables Robert Jerome Dunne and Seely P. Forbes, Judges of the Circuit Court of Illinois; individually and as Ex Official Members of the Illinois Courts Commission. Hon. William J. Scott, Attorney General of Illinois, individually and as designated counsel for the Illinois Courts Commission; the Hon. Justin Taft, Clerk of the Illinois Supreme Court, individually and as Clerk of the Illinois Courts Commission; and the Hon. Roy O. Gulley, Administrator of the Illinois Courts, individually and as permanent secretary of the Illinois Courts Commission. Hon. Richard A. Hollis, individually and as State's Attorney of Sangamon County, Illinois, Defendants.

No. 70 C 1597.

United States District Court,
N. D. Illinois.
July 31, 1970.

John E. Cassidy, Jr., Peoria, Ill., James P. Chapman, Chicago, Ill., for plaintiff.

Frank J. McGarr, First Asst. Atty. Gen., State of Ill., for defendants.

Before PELL, Circuit Judge, and PERRY and DECKER, District Judges.

## MEMORANDUM OPINION AND ORDER

PELL, Circuit Judge.

The present action is based upon a claimed violation of the plaintiff Napolitano's civil rights and is brought pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Napolitano requested the convening of a three-judge district court pursuant to 28 U.S.C. §§ 2281 and 2284. The three-judge court was designated and argument has been heard and briefs have been submitted heretofore on the matters raised by Napolitano's complaint and the amendment thereto.

Briefly, the facts are as follows:

Napolitano, who was a circuit judge of Cook County, Illinois, was the subject of disciplinary proceedings before the Illinois Courts Commission pursuant to the provisions of Article 6, § 18 of the Illinois Constitution, S.H.A., and Rule 51 of the Illinois Supreme Court, Ill.Rev. Stat.1969, c. 110A, § 51, which implements the constitutional provisions. This action was filed prior to the commencement of the disciplinary hearing before the Commission. A temporary restraining order to prevent the Commission hearing was denied by the single judge before whom this action was originally filed and this action of denial was affirmed by the three-judge panel. The Commission proceeded with the hearing and by order dated July 14, 1970 removed Napolitano from his office

as a judge of the Circuit Court of Illinois, effective immediately.

As an initial matter it is necessary that we determine whether the continuance of a three-judge court is required.

Napolitano contends that his rights under the United States Constitution are violated by the proceedings before the Illinois Courts Commission. These contentions fall into two main categories: first, that the Illinois Constitution provision and the Illinois Supreme Court rule thereunder are void on their face as being unconstitutionally vague and overly broad, on the basis of his rights being violated under Article 1, § 10 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; and secondly, that the state constitutional provision and rule thereunder have been applied unconstitutionally, federally speaking, to this plaintiff.

It is our opinion that if Napolitano's first contention is without merit, i.e., that it does not raise a substantial constitutional question, then the reason for the convening of a three-judge court no longer exists and the factual issues presented by the second contention should be determined by a single judge, Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Metcalf v. Swank, 293 F.Supp. 268 (N.D.Ill. 1968); Weisberg v. Powell, 417 F.2d 388 (7th Cir.1969); Sarisohn v. Appellate Div., Second Dept., S.Ct. of St. of N. Y., D.C., 265 F.Supp. 455 (1967).

To determine whether there is any merit to Napolitano's first contention, we must look at the challenged provisons. Article 6, § 18 of the Illinois Constitution reads in part as follows:

" * * * subject to rules of procedure to be established by the Supreme Court and after notice and hearing, any judge may be retired for disability or suspended without pay or removed for cause by a commission composed of one judge of the Supreme Court selected by that court, two judges of the Appellate Court selected by that court, and two circuit judges

selected by the Supreme Court. Such commission shall be convened by the Chief Justice upon order of the Supreme Court or at the request of the Senate."

Illinois Supreme Court Rule 51 has five subsections dealing with the Organization of the Commission, Secretary, Complaint and Answer, Hearing, and Conduct of the Proceedings. The pertinent part of the last subsection reads as follows:

"(e) *Conduct of the Proceedings.* In the exercise of its jurisdiction the commission is vested with full judicial power and authority. * * * The failure of the respondent to testify in his own behalf * * * may be considered, unless it appears that such failure was due to circumstances beyond his control * * *. The commission may order the respondent removed * * * or suspended without pay for a fixed period or until further order of the commission. The concurrence of three commissioners shall be necessary to a decision * * *."

The Illinois Constitutional provision is similar to that of the state of New York and the matters here presented were presented for determination to a federal district judge in that state in Sarisohn v. Appellate Div., Second Dept., S.Ct. of St. of N. Y., 265 F.Supp. 455 (1967). The judge in *Sarisohn* resolved the question as follows:

"There is a distinction between the question whether the phrase 'for cause' is unconstitutionally vague and what the Appellate Division may decide constituted such 'cause'. The issue in the latter case as well as the issues of disqualification and bias do not involve the enforcement of an allegedly unconstitutional statutory provision. They involve only conduct of state officials under color of the statute. Plaintiff seeks, as to such action, to restrain not the enforcement of a statute but to restrain only certain judicial action thereunder, and of course this is not a subject for a three-judge court. Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800." (at 459)

We approve of and adopt the reasoning in *Sarisohn* noting that the phrase "for cause" is one which has had common usage in a variety of statutes throughout the United States. In our opinion, the words connote the necessity for a hearing; but Napolitano was accorded a. hearing. The words also mean that there must be a legal cause and not merely a cause which the Governmental authority in the exercise of unlimited discretion may deem sufficient. It does not mean removal by arbitrary or capricious action, but there must be some cause affecting and concerning the ability and fitness of the official to perform the duty imposed on him. The cause must be one in which the law and sound public policy will recognize as a cause for his no longer occupying the office. See also: Friedman v. State, 24 N.Y.2d 528, 301 N.Y.S.2d 484, 249 N.E.2d 369, 376 (1969).

The words "for cause" are, in our opinion, sufficiently definite and are not overly broad and they therefore do not raise a question of constitutionality of the Illinois Constitutional provision and the rule thereunder. The other matters raised by Napolitano pertain to the application of the Illinois constitutional provison and rule thereunder and a determination of whether their application to him was "cause", which in our opinion does not contemplate, nor require, a three-judge decision.

We are not unmindful that an argument may be advanced that once the three-judge panel has been convened it should continue to handle all issues involved in the case before it. However, as we read the statute, 28 U.S.C. § 2281, the basis for the three-judge court is "the unconstitutionality of such statute"

not the unconstitutional application thereof. It takes no great stretch of the imagination to conceive that almost any statute dealing with human conduct, no matter how innocuous, can be applied in a manner so as to violate federal constitutional rights. If every such claimed violation in the application of an otherwise constitutional statute were to necessitate adjudication by three-judge panel there would be, it appears to us, a substantial additional burden on the already overloaded judiciary. This seems unnecessary when the factual matters involved can and should be as well determined by one judge as by three. In the case before us, while we have set on one argument with regard to the correctness of the single judge's ruling denying a temporary restraining order and have considered briefs, we have had no hearing in which evidence has been introduced, which factual matters can be handled by the single judge.

For the reasons hereinbefore indicated, we are therefore terminating the three-judge panel and hereby remand the matter to the Honorable Joseph Sam Perry, distict judge before whom this matter was originally filed, for determination of the remaining issues raised by Napolitano's complaint.

DECKER, District Judge (dissenting in part):

While I completely agree with that part of the foregoing opinion which holds Article 6, § 18 of the Illinois Constitution and Supreme Court Rule 51 to be constitutional on their face, I respectfully dissent from that part of the opinion regarding a remand of this action to a single judge. The reasons for my dissent follow.

The central issues raised in this complaint are whether the "for cause" removal standard for judges in the Illinois Constitution violates the due process clause and whether plaintiff's exercise of his privilege against self-incrimination, and his subsequent testimony given under a grant of immunity, may constitute such "cause" for removal without offending the Fifth Amendment. While the first question deals with the constitutionality of the Illinois constitutional provision on its face, the latter two questions deal with its application to this particular plaintiff. Yet I believe that all of these questions are required to be heard by a three judge court. See Query v. United States, 316 U.S. 486, 490, 62 S.Ct. 1122, 86 L.Ed. 1616 (1941); Dept. of Employment v. United States, 385 U.S. 355, 357, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966).

But even assuming that a three judge court is not required to determine all these issues, there is nothing in 28 U.S.C. § 2281 which prohibits three judges from deciding all issues raised. Mann v. Powell, 314 F.Supp. 677 (N.D.Ill.1969), aff'd. 398 U.S. 955, 90 S.Ct. 2169, 26 L.Ed.2d 539. In a case such as this, when two hearings have already been held before the three judges and when exhaustive briefs have been reviewed by them, remand to a single judge tends to waste, rather than conserve, judicial time and effort.

Moreover, whether appeal from a final judgment on the merits in this case lies in the Court of Appeals or the Supreme Court depends not on whether the decision was made by a single judge or by three judges, but on whether it was "required" to be decided by a three judge court. 28 U.S.C. §§ 1253, 1291. When there is a substantial question as to whether three judges are required to hear the action, the possibility of remand to the District Court for consideration by a three judge court can be eliminated by having all three judges render a decision initially. The action taken by the majority leaves open the possibility of remand on this technical ground, with its attendant expenditure of time and effort on the part of litigants and judges alike, while serving no substantial purpose.