Cody B. Bartlett, as Director of Administration of the Judicial Conference, Fourth Judicial Department, Petitioner, *v.* Harry J. Enea, as Village Justice of the Village of Herkimer, Respondent.

Fourth Department, September 26, 1974.

*Cody B. Bartlett,* petitioner *pro se.*

*George F. Aney (Aney & Shaughnessy),* for respondent.

*Per Curiam.* This is a proceeding pursuant to section 429 of the Judiciary Law to remove respondent as Village Justice of the Village of Herkimer.

After a hearing, the court's Referee has found that respondent improperly interfered in the disposition of three cases charging driving while intoxicated (Vehicle and Traffic Law, § 1192) and that he improperly reduced six charges of driving while intoxicated pending before him without the consent of the District Attorney (see *Matter of Blumberg* v. *Lennon,* 44 A D 2d 769). We affirm the Referee's findings.

The interference charges involve defendants Seward, Mroz and Delaney. We recite the facts briefly.

Seward was arrested by the State Police and charged with driving while intoxicated in the Town of Herkimer. He was arraigned before the Justice of an adjacent town and committed to jail in lieu of bail. At the request of Seward's attorney, a fellow Magistrate of respondent, respondent visited the arraigning Justice and suggested that the file be turned over to the proper Herkimer Town Justice for disposition, volunteering to deliver the papers for that purpose. Instead, respondent delivered the file to a Town Justice other than the one agreed upon who summarily dismissed the charges, not upon the merits but because of an imagined jurisdictional defect. This radical solution of the case came after respondent delivered the papers and informed the new Justice of the request for assistance from Seward's attorney. The dismissal did not provoke question or protest from respondent and the inference is inescapable that it was precisely the result sought and anticipated by respondent when he selected an alternate Justice from that agreed upon with the arraigning Magistrate.

Mroz was the father-in-law of respondent's daughter. He was charged with driving while intoxicated and he refused to take a blood test when requested to do so by the arresting officer. After the arrest, respondent called State Police headquarters, identified himself as a Judge and tried to arrange a blood test for Mroz. When he was informed that the two-hour time limit during which a valid test could be administered had elapsed he suggested to the police officer that the refusal slip be "lost" rather than forwarded to the Commissioner of Motor Vehicles as required by statute.

The Delaney case involved a driving while intoxicated charge pending before respondent in the Herkimer Village Court. The Referee has found that the form evidencing Delaney's refusal to take a blood test was improperly retained in respondent's file rather than being forwarded to the Commissioner of Motor Vehicles within 72 hours as required by statute (Vehicle and Traffic Law, § 1194, subd. 2) and that respondent improperly made an offer to Delaney's attorney to delay the filing of the report. While there was evidence that respondent offered to avoid filing the report entirely, the Referee did not credit this version of the incident. Nevertheless, the form was improperly in the court's file and upon discovery of it respondent should have acted to see that it was filed with the Commissioner of Motor Vehicles. Under no circumstances should he have suggested a delay in following required procedures.

The six instances involving reduced charges were established by the evidence.

Section 429 of the Judiciary Law authorizes removal of inferior court judges for cause. Cause includes "corruption, general neglect of duty, *delinquency affecting general character and fitness for office,* acts violative of law inspired by interest, oppressive and arbitrary conduct, reckless disregard of litigants' rights, and acts justifying ' the finding that his future retention of office is inconsistent with the fair and proper administration of justice.' " (*Matter of Kane* v. *Rudich,* 256 App. Div. 586, 587; see, also, *Friedman* v. *State of New York,* 24 N Y 2d 528, 539-540.) The guidelines for judicial conduct are found in the Canons of Judicial Ethics and " also in the general moral and ethical standards expected of judicial officers by the community " (*Sarisohn* v. *Appellate Division, Second Dept., Supreme Ct. of State of N. Y.,* 265 F. Supp. 455, 458).

Respondent improperly interfered in cases pending before other judicial officers, being processed by the State Police and pending before his own court. His actions were not governed

by the requirements of fair and impartial administration of the law in the interests of the public but rather with a view to promoting individual interests and the product of his desire to use his office to enhance his own popularity. Respondent's conduct violated the Canons of Judicial Ethics specifically canon 4 (Avoidance of Impropriety), canon 13 (Kinship or Influence) and canon 34 (A Summary of Judicial Obligation) and require his removal from office.

Respondent has requested that the hearing be reopened so that he may have an opportunity to present additional evidence in mitigation of the charges and also evidence of his character and reputation as known by those in the community. In view of the nature of his acts, evidence of his motives or of his good character would not alter our judgment that respondent must be removed from office. His application is denied.

Respondent should be removed as Village Justice of the Village of Herkimer.

MARSH, P. J., MOULE, SIMONS, MAHONEY and GOLDMAN, JJ., concur.

Order of removal entered.