CODY B. BARTLETT, as Director of Administration, Office of Court Administration, Fourth Judicial Department, Petitioner, v FRANK P. FLYNN, as Town Justice, Seneca Falls, and Acting Village Justice, Village and Town of Seneca Falls, Respondent.

Fourth Department, January 16, 1976

*Cody B. Bartlett,* petitioner *pro se.*

*Frank P. Flynn,* respondent *pro se,* and *Arthur I. Seld* for respondent.

*Per Curiam.* This is a proceeding pursuant to section 429 of the Judiciary Law to remove respondent as Town Justice of the Town of Seneca Falls and as Village Justice of the Village of Seneca Falls and to prohibit him from holding either elected or appointed public office.

A hearing was held before a referee who found that in 1970 and during periods of 1973 and 1974 respondent failed to deposit court moneys in official bank accounts within 72 hours after receipt; that in 1968–1970 and during periods of 1971, 1973 and 1974 he failed to report and remit court moneys to the State Comptroller within 10 days following the end of the month in which they were received; that he commingled town and village funds in his official accounts and he failed to report the disposition of cases to the Department of Audit and Control in the months in which the dispositions actually occurred. The referee found that respondent had not, however, misused or converted any of the court's funds.

Petitioner has moved for a confirmation of the referee's report and for an order dismissing respondent from his judicial duties and prohibiting him from holding further public office. Respondent does not contest the referee's findings.

Instead his contentions are confined to the issue of the appropriate penalty to be imposed.

Respondent has been Town Justice of the Town of Seneca Falls since January 1, 1962 and was elected to the office of Village Justice on March 18, 1975. Prior to his election as Village Justice, however, he served for nearly seven years as Acting Village Justice. He also served three terms as Mayor.

The referee's report shows that as of March 24, 1971 respondent had failed to deposit receipts totaling $977.82 in the court's bank account. Respondent subsequently deposited this amount to his official account on April 21, 1971. However, as of December 19, 1973 his arrearages in bank deposits totaled $6,104.82. Deposits were made thereafter in December, 1973 and January, 1974 but as of July 22, 1974 the arrearages still totaled $3,030. Respondent's persistent failure to deposit moneys received by him in his judicial capacity in his official account within 72 hours after their receipt constituted repeated violations of subdivision (a) of rule 30.7 of the Administrative Board of the Judicial Conference (22 NYCRR 30.7), formerly rule 7 of the Administrative Code of the Judicial Conference.

The referee's report further shows that as of March 24, 1971 respondent had failed to report or remit to the State Comptroller $477 in fines, fees and forfeited bail money. Reports and receipts for the year 1973 were not submitted until December, 1973 and January, 1974 and similar reports and receipts for the first six months in 1974 were not submitted until July, 1974. Such conduct on the part of respondent, viz., his failure to remit all moneys received by him in his judicial capacity to the State Comptroller within 10 days following the end of the month in which received constituted a clear violation of statutory remittance procedures. (UJCA, § 2021; Town Law, § 27; Village Law, § 4-410.)

The report also shows that substantial moneys collected by the Town Court were deposited in the Village Court bank account, and vice versa. In addition, it reveals that respondent's monthly reports as Acting Village Justice for the period from February to June, 1974 listed cases reported as disposed in other months.

Section 429 of the Judiciary Law authorizes removal of inferior court Judges for cause. Cause includes "corruption, *general neglect of duty,* delinquency affecting general character and fitness for office, acts violative of law inspired by

404

interest, oppressive and arbitrary conduct, reckless disregard of litigants' rights, and acts justifying 'the finding that his future retention of office is inconsistent with the fair and proper administration of justice.' " *(Matter of Kane v Rudich,* 256 App Div 586, 587; emphasis supplied; see, also, *Friedman v State of New York,* 24 NY2d 528, 539–540.) The guidelines for judicial conduct are found in the Code of Judicial Conduct and "also in the general moral and ethical standards expected of judicial officers by the community" *(Sarisohn v Appellate Div., Sup. Ct. of State of N. Y.,* 265 F Supp 455, 458). Paragraph (1) of subdivision B of canon 3 of the code provides "A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials."

Respondent is guilty of gross neglect in his handling of court funds and in his maintenance of court records. Although the referee concluded that he did not misuse public moneys for his own profit, the careless manner in which he handled funds entrusted to his care and the disdain he demonstrated, not only for statutory record keeping but also for deposit and remittance requirements constituted a breach of trust and a violation of subdivision B of canon 3 requiring his removal from office. However, since the referee concluded that respondent did not profit at public expense and because of the many affidavits received by this court attesting to his good community reputation and years of public service, respondent shall only be barred from holding further judicial office (cf. *Matter of Schamel,* 49 AD2d 786).

The report of the referee is confirmed and respondent is removed from office as Village Justice of the Village of Seneca Falls and Town Justice of the Town of Seneca Falls and is barred from holding judicial office.

MARSH, P.J., MOULE, CARDAMONE, SIMONS and MAHONEY, JJ., concur.

Order of removal entered.