OPINION OF THE COURT
Memorandum.
The determination of the State Commission on Judicial Conduct should be accepted.
Petitioner argues that the procedures followed by the commission were beyond its powers and did not afford petitioner due process. The commission is empowered with broad authority to investigate charges of improprieties by members of the judiciary. (Matter of Nicholson v State Comm., *808 50 NY2d 597.) The course of the commission’s investigation and proceedings are governed by the detailed provisions of section 44 of the Judiciary Law. Pursuant to this section, thé commission investigated petitioner’s handling of court funds and recordkeeping after receiving a letter from the Department of Audit and Control regarding petitioner’s inability to account for certain court funds. Upon completing the investigation and serving the petitioner with a formal written complaint, the commission properly availed itself of summary proceedings when petitioner failed to answer the complaint or raise any question of fact. The statutory requirement authorizing the commission to make a determination after a hearing does not require the commission to go through a meaningless formal hearing where no issue of fact is raised.
Ñor do we find that the sanction imposed by the commission is excessive. Petitioner’s disregard for statutory record-keeping requirements and his carelessness in handling public moneys is a serious violation of his official responsibilities. Such a breach of the public’s trust warrants removal. (Matter of Cooley, 53 NY2d 64; Bartlett v Flynn, 50 AD2d 401.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fughsberg and Meyer concur.
Determined sanction accepted, without costs, in a memorandum, and David W. Petrie is removed from the office of Justice of the Town Court of Danube, Herkimer County (Judiciary Law, § 47).