In the Matter of the Honorable James B. YOUNG.

No. 94S00–8801–JD–108.

Supreme Court of Indiana.

May 5, 1988.

Petition for Correction of Opinion Granted May 12, 1988.

Bruce A. Kotzan, Counsel, Meg W. Babcock, Staff Atty., Indiana Com'n on Judicial Qualifications, Indianapolis, for Com'n.

James H. Voyles, Ober, Symmes, Cardwell, Voyles and Zahn, James W. Treacy, Treacy, Grossman, Sullivan and Jones, Indianapolis, for respondent.

### ON MOTIONS TO DISMISS

PER CURIAM.

On February 25, 1988, the respondent, James B. Young, Judge of the Indiana Court of Appeals, was charged by the Indiana Commission on Judicial Qualifications (Commission) with willful misconduct in office, conduct prejudicial to the administration of justice that brings the judicial office into disrepute, and conduct which does not comply with the law and which harms public confidence in the integrity and impartiality of the judiciary in violation of Canons 1 and 2 of the *Code of Judicial Conduct.* These judicial misconduct charges stem from an alleged incident wherein respondent visited an adult bookstore and engaged in conduct as a result of which he was criminally charged with Public Indecency and admitted to the commission of a battery on a police officer. On March 10, 1988, respondent filed his Motion to Dismiss Statement of Charges and Alternative Motion to Dismiss.

The Motion to Dismiss Statement of Charges requests that the charges initiated against respondent by the Commission be dismissed and that informal investigation before the Commission be reinstituted. Respondent alleges that he has been denied due process under the Fourteenth Amendment of the United States Constitution because the Commission instituted formal proceedings and filed charges without first examining the following three exhibits proferred by respondent:

   a. A full scale model of Booth 11, the adjacent hallway, and the actual light used September 24, 1987;

   b. Color photographs of the exterior and interior of the Southside Adult Bookstore; and

   c. A video tape of the interior and exterior of the Southside Adult Bookstore.

There is also a challenge that the charges are unconstitutionally vague, and that accordingly respondent claims a denial of due process.

The Alternative Motion to Dismiss requests that the charge of willful misconduct in office and the charge of misconduct in violation of Canons 1 and 2 of the *Code of Judicial Conduct* be dismissed. It is argued that the allegation of willful misconduct in office is not supported because the Commission does not allege facts regarding respondent's conduct which took place in a judicial setting. With regard to the charge under the *Code of Judicial Conduct,* respondent argues the exclusive avenue for disciplining a Judge of the Court of Appeals is pursuant to Article 7 Section 11 of the Indiana Constitution and that the Constitution does not enumerate the *Code of Judicial Conduct* as a separate and independent basis of discipline.

■ We find that the Motion to Dismiss Statement of Charges and Alternative Motion to Dismiss are not well taken. The Commission was not required to view models and pictures of the scene of alleged judicial misconduct prior to filing the charges. The exhibits that respondent requests the Commission to view are circumstantial in nature and go to respondent's defense of the charges. Pursuant to I.C. 33–2.1–5–9, special masters have been appointed to consider the relevant evidence.

■ Respondent's challenge to the charges on grounds of vagueness must also fail. We believe the Wisconsin Su-

preme Court has answered a similar vagueness challenge with precision:

However, it would appear from those cases which have addressed the question of unconstitutional vagueness in this context that a greater degree of flexibility and breadth is permitted with respect to judicial disciplinary rules and statutes than is allowed in criminal statutes. Cf. *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). As the Minnesota Supreme Court noted in *In re Gillard*, 271 N.W.2d 785, 809 (Minn. 1978), "the constitutionality of necessarily broad standards of professional conduct has long been recognized." ...

Statutes and constitutional provisions which define in similarly broad terms the grounds for removal of judges from office have been upheld in *Napolitano v. Ward*, 317 F.Supp. 79 (N.D.Ill.1970) ("for cause"); *Keiser v. Bell*, 332 F.Supp. 608 (E.D.Pa.1971) ("misconduct in office"); *Halleck v. Berliner*, 427 F.Supp. 1225 (D.D.C.1977) ("conduct which is prejudicial to the administration of justice or which brings the judicial office into disrepute"); *In re Nowell*, 293 N.C. 235, 237 S.E.2d 246 (1977) ("wilful misconduct in office" and "conduct prejudicial to the administration of justice that brings the judicial office into disrepute"); *Nicholson v. Judicial Retirement and Removal Comm.*, 562 S.W.2d 306 (Ky.1978) ("for good cause"); and *In re Gillard*, 271 N.W.2d 785 (Minn.1978) (persistent failure to perform duties, habitual intemperance or conduct prejudicial to the administration of justice)....

The fact that these provisions may not have the preciseness required of laws defining criminal conduct is of no consequence. Respondent has not been charged with engaging in criminal conduct, but with judicial misconduct. His reading of the Code of Judicial Ethics is not as a layman, unfamiliar with the law, but as a judge of twenty years' experience and an attorney of almost twenty more. We think the notice provided by the code is adequate. *Matter of Seraphim* (1980), Wis., [97 Wis.2d 485], 294 N.W.2d 485, 491.

We fully concur in the above analysis. Just as in *Seraphim, supra*, the respondent herein has lengthy experience as a judge and a lawyer. Thus, the charges are sufficiently precise and afford respondent adequate notice.

■ Next, respondent's alternative motion to dismiss must also fail. Whether the Commission can prove the charge of willful misconduct in office is a matter to be determined by proof presented to the special masters. We believe respondent is essentially arguing that the Commission has failed to state a claim upon which relief can be granted. In testing the legal sufficiency of a complaint under a T.R. 12(B)(6) standard it is only proper to dismiss when it appears to a certainty that the plaintiff can prove no set of facts in support of the claim. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604. Under this standard we are not convinced that the Commission cannot prove a set of facts that would support the charge. We agree with the Commission that the charge of willful misconduct in office is fact-sensitive and thus a matter to be considered by the special masters. Therefore, we also agree with the Commission that "absence of gavel and robe is not necessarily dispositive" of this issue. Accordingly, dismissal would be premature at this time.

■ Finally, we reject respondent's claim that he can only be disciplined pursuant to the terms and reasons set forth in Article 7 Section 11 of the Indiana Constitution, and not pursuant to the *Code of Judicial Conduct*. While Article 7 Section 11 of the Indiana Constitution designates particular grounds for censure or removal by the Supreme Court on recommendation of the Commission, the article further requires the Supreme Court to make rules implementing the section. Article 7 Section 4 of the Indiana Constitution further vests this Court with the exclusive authority to discipline, remove, and retire justices and judges. In the case of *In re Terry* (1975), 262 Ind. 667, 323 N.E.2d 192, this Court noted that the *Code of Judicial Conduct* was adopted pursuant to the mandate of Article 7 Section 4 of the Indiana Consti-

tution. The *Code of Judicial Conduct* is an enhancement of these constitutional provisions and the Code is therefore a proper basis to charge misconduct.

In light of the foregoing, respondent's Motion to Dismiss Statement of Charges and Alternative Motion to Dismiss are each denied. Accordingly, the special masters are directed to proceed forthwith.