OPINION OF THE COURT
 

 Per Curiam.
 

 The Commission on Judicial Conduct has determined that petitioner Rogers should be removed as a Town Justice of the Town of Brookfield. Petitioner argues that the procedures followed by the commission were beyond its powers, but in view of petitioner’s answer we do not find it necessary to
 
 *226
 
 consider those procedural arguments. The answer admitted that petitioner failed to respond to commission inquiries and failed to report or remit moneys during the period from June, 1978 through August, 1979, and thus established his misconduct. We reject the determined sanction of removal, however, and direct that petitioner be censured.
 

 Petitioner is a dairy farmer who stood for election as a Town Justice at the request of both political parties. His answer states that he filed reports as required for his first five months in office but was unable to keep up with the demands of his administrative duties because of the heavy inroads into the time required for farming which his judicial duties made (contrary to what he had been led to believe), a result of the fact that he worked and resided in the geographical center of the township and was, therefore, always available whereas the other Justice lived in the northeastern corner of the township and worked outside of the community. The answer indicates further that petitioner considered resigning but decided not to because he had already made considerable financial and personal sacrifice for the position (which paid him only $2.60 per day) and felt strongly that someone who lived and worked in the community should hold the office.
 

 The commission noted that petitioner had filed the overdue 1978 and 1979 reports in October, 1979 and filed the September through November, 1979 reports later than the law required, in December, 1979. It concluded that petitioner should be removed essentially because he "has evinced repeatedly his inability or unwillingness to discharge the responsibilities of judicial office.” While we do not condone petitioner’s admitted failures, we do not construe his answer as indicating an unwillingness to discharge the responsibilities of office, his decision not to resign and the bringing of this review proceeding strongly suggesting the contrary, as does the fact that he brought his reports up to date before the commission’s sanction determination was made. Bearing in mind that petitioner is the elected choice of the voters of his township to hold the office, that the difficulties that resulted in his slighting his administrative responsibilities appear now to have been overcome and that the commission made no finding that he had failed to deposit moneys received by him in his official account within the time required by the Rules of the Administrative Board (cf.
 
 Bartlett v Flynn,
 
 50 AD2d 401, 403, app dsmd 39 NY2d 942), we conclude that a different sanction than re
 
 *227
 
 moval, namely, censure, should be imposed (cf. Judiciary Law, §44, subd 9).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in
 
 Per Curiam
 
 opinion.
 

 Determined sanction rejected, without costs, and the sanction of censure imposed.