OPINION OF THE COURT

Per Curiam.

The Commission on Judicial Conduct has determined that petitioner Cooley should be removed from her position as a Justice of the Village Court of Alexandria Bay, Jefferson County. Petitioner was charged by the commission with misconduct for failing to file reports and remit moneys received in her judicial capacity to the State Comptroller within the time required, failing to make entries in her docket books and cashbooks and, finally, failing to cooperate with an investigation being conducted by the commission.
It was alléged that during the period from January, 1979 to January, 1980, petitioner had remitted her reports and fine moneys several months late on separate occasions. Subdivision 1 of section 2021 of the Uniform Justice Court Act requires that “such fines shall be paid to the state comptroller by the court on or before the tenth day of the month next succeeding their collection”. In addition, petitioner allegedly failed to make entries in her docket books or cashbook during the period from April, 1979 to December, 1979, despite the fact that she disposed of at least 300 motor vehicle cases in that period (see UJCA, §§ 107, 2019, 2019-a). Finally, petitioner failed to respond to three written inquiries sent by the commission’s senior attorney pursuant to subdivision 3 of section 42 of the Judiciary Law and failed on two occasions to appear to testify before a member of the commission after being requested to appear pursuant to subdivision 3 of section 44 of the Judiciary Law.
Petitioner did not answer the charges of the commission and she was later notified that the commission intended to move for summary determination. Petitioner also failed to *66 respond to the notice of motion for summary determination and subsequently informed the commission that she would not appear for argument on the issue of sanctions. The commission thereafter made its final determination and, noting that petitioner’s inadequate reporting and record-keeping “evinced a tardiness and carelessness inconsistent with her position of trust and responsibility as a judicial officer”, concluded that petitioner should be removed from office.
Petitioner, citing Matter of Rogers v State Comm. on Judicial Conduct (51 NY2d 224), argues primarily that the sanction of removal was unwarranted because her failure to file timely reports does not indicate an unwillingness to discharge the repsonsibilities of judicial office. Unlike Rogers, however, here petitioner failed and refused to submit an answer in response to the commission’s charges and failed, of course, to set forth mitigating circumstances to account for her failure to comply with the filing and recordkeeping requirements. In addition, petitioner was also found to have failed to make appropriate entries in her docket book and cashbook. This charge is not without significance, for the willful failure to make appropriate entries in a Justice’s criminal records and docket may be punishable as a misdemeanor (UJCA, § 2019-a) and even the inadvertent failure to keep such records may be of moment to persons having appeared before the court (see CPLR 4541). Furthermore, we take note of the significance of petitioner’s failure to cooperate with the investigation by the commission.
Accordingly, the determination of the State Commission on Judicial Conduct should be accepted, without costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion; Chief Judge Cooke taking no part.
Determined sanction accepted, without costs, and Patricia Cooley is removed from her office of Justice of the Village Court of Alexandria Bay, Jefferson County.