OPINION OF THE COURT
Per Curiam.
The record reflects and petitioner frankly admits that, from 1980 to 1984, petitioner grossly neglected his duties as Town Justice of Burke. During that period, he repeatedly failed to make timely deposits and remittals of court moneys to the State Comptroller and to dispose of his small caseload in a timely manner. Instead of taking measures to collect fines he had imposed upon guilty pleas, petitioner imposed unconditional discharges or dismissals in several cases after long periods of nonpayment. Petitioner does not contest the Commission’s determination of misconduct based upon his negligence in handling public moneys, maintaining court records and disposing of cases. He argues only against the sanction of removal.
Petitioner’s persistent failure to make timely deposits and remittals of court moneys to the State Comptroller warrants the sanction of removal (Matter of Rater, 69 NY2d 208, 209; Matter of Petrie v State Commn. on Judicial Conduct, 54 NY2d 807). While petitioner asserts various mitigating factors, his arbitrary dismissal and unconditional discharge of cases is an aggravating factor which erodes the public’s confidence and justifies the sanction of removal.
Accordingly, the determined sanction of the State Commission on Judicial Conduct should be accepted, without costs.
*210 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction accepted, without costs, and Lee Vincent is removed from his office of Justice of the Burke Town Court, effective immediately.