*458 OPINION OF THE COURT
Per Curiam.
The State Commission on Judicial Conduct found that four charges of misconduct had been sustained against petitioner, an attorney and part-time Herkimer Village Justice since 1974, and determined that the sanction of removal was appropriate. First, the Commission found that, based upon 35 criminal cases and six civil cases, petitioner had "engaged in a persistent and pervasive pattern of neglect of his judicial and administrative duties. Because he permitted lawyers and litigants to continually adjourn cases, simple criminal, traffic and small claims matters took years to conclude.” The second sustained charge concerned one of the six civil cases — a $325 matter, which prompted the complaint to the Commission. Nearly three years had elapsed before trial (plaintiffs counsel made several requests for a trial date), then four months passed before petitioner rendered his decision, and for more than two years thereafter — even after he knew of the Commission’s investigation and complaint, and despite repeated inquiry from plaintiffs counsel — petitioner did not furnish a proper transcript of judgment. Third, the Commission found that from June 1984 until July 1986, petitioner failed to file reports and remit court funds to the State Comptroller within the first 10 days of the month succeeding collection; during a 26-month period, petitioner’s reports apparently were late an average of 25 days in every month. Finally, the Commission found that petitioner failed to cooperate in that he did not respond to letters requesting information in connection with its investigation.
The Commission, several years earlier, had dismissed a complaint against petitioner concerning delay of at least four months in rendering a decision, and further delay of at least nine months in notifying the parties, cautioning him at that time to adhere to the applicable Rules Governing Judicial Conduct, particularly that a Judge should promptly dispose of the court’s business and diligently discharge administrative responsibilities. The continuation of a $325 claim for more than six years despite the documented efforts of plaintiffs counsel to conclude it earlier and despite the Commission’s own complaint, together with petitioner’s failure to make timely reports and remittances to the State Comptroller in *459 every month throughout a 26-month period — after a prior caution particularly reminding him of his obligations both to dispose of court business promptly and to discharge administrative responsibilities diligently — support the imposition of a strict sanction. Moreover, petitioner’s explanation for his asserted failure to respond to the Commission’s letters requesting information — that he actually did respond but used the wrong zip code — remains unsatisfactory in light of the Commission’s repeated advice to him that it had received no response, with no additional (or duplicate) submission forthcoming from petitioner. While we agree with petitioner that removal of a Judge from the office to which he has been elected is an extreme sanction not to be imposed lightly, here we conclude that removal was supported by the record and not excessive (see, Matter of Vincent, 70 NY2d 208; Matter of Rater, 69 NY2d 208; Matter of Sims, 61 NY2d 349, 357; Matter of Cooley, 53 NY2d 64).
We reach this conclusion, however, without addressing the Commission’s determination regarding petitioner’s handling of the 41 cases, or indeed without agreeing even that the Commission acted within its jurisdiction in its review of the day-to-day progress of those cases. The Commission’s contentions, for example, that "no judge need allow such cases to stay on the calendar for periods of two years or more”, and that "[i]f the district attorney’s office does not act within a reasonable period, the judge can indicate that the matters will be dismissed”, betray an intrusion into matters of internal court administration and substantive law that may well exceed the Commission’s ambit of responsibility. In view of the other sustained contentions which support petitioner’s removal, we need not now resolve the questions raised by this aspect of the Commission’s determination.
Accordingly, the determined sanction of the State Commission on Judicial Conduct should be accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacos a concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction accepted, without costs, and James R. Lenney is removed from his office of Justice of the Herkimer Village Court.